IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN GUTIERREZ, | § | |
| TDCJ-CID NO.1524428, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-1042 |
| | § | |
| C. TURNER, *et al.*, | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

State inmate Jonathan Gutierrez, proceeding *pro se* and *in forma pauperis*, has filed a complaint (Docket Entry No.1) and a more definite statement of his claims (Docket Entry No.11), in which he alleges violations of his civil rights under 42 U.S.C. § 1983. Defendants Phil Bickham, Cleveland Turner, and Mary Ward have filed a motion for summary judgment (Docket Entry No.22); plaintiff has not filed a response to the motion. For the reasons to follow, the Court will grant defendants' motion for summary judgment and dismiss all claims against these defendants.

The Court did not order service of process on defendants L. Levingston and Captain Jenkins. After reviewing plaintiff's pleadings, the Court will dismiss plaintiff's claims against these defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

Plaintiff is serving a six year sentence in the Texas Department of Criminal Justice-Criminal Institutions Division pursuant to a conviction in 2007 for a sexual assault in McLennan County, Texas.

TDCJ website.[1]  Plaintiff alleges the following facts, which he claims gave rise to the pending complaint:

On June 22, 2009, plaintiff appeared before the Ferguson Unit Classification Committee, comprised of defendants Cleveland Turner, Phil Bickham, and Mary Ward to seek a transfer off the Unit pursuant to an offender protection investigation. (Docket Entry No.11, pages 3, 5). After the committee members denied his request, plaintiff spoke to them about his right to protection from gang members. (Docket Entry No.1, page 7). While he was speaking, the two male members of the panel began to threaten and verbally abuse him. (Id.). Plaintiff continued to speak about his rights and the two men charged him. (Id.). One man, who was wearing "freeworld" clothing, assaulted plaintiff on his right cheek causing him to black out until he found his way to the ground. (Id., page 8). The man then punched plaintiff four more times on the left side of his face and placed him in hand restraints. (Id., page 9). Plaintiff was examined by medical staff, who thought that he might have suffered a broken jaw; a CAT scan was later taken at a local hospital. (Id.). Plaintiff suffered no broken bones but bruising, swelling, and cuts to his face. (Id.). He received over-the-counter medication for his aches and pains and an antibiotic. (Docket Entry No.11, page 10).

Plaintiff was served with a disciplinary case, to which he entered a plea of not guilty. (Docket Entry No.11, page 7). He

---

1   http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=06677934 (viewed May 8, 2012).

was found guilty by Captain Jenkins.  (Id.).

With respect to each defendant, plaintiff alleges the following:

1.  Cleveland Turner threatened him and verbally abused him during the hearing; Turner later falsely accused plaintiff of the disciplinary violation for which he was found guilty by Captain Jennings. (Docket Entry No.11, pages 1-2);

2.  Philip Bickham assaulted him.  (Id., pages 2-3);

3.  Mary Ward failed to report this criminal activity to other ranking officials.  (Docket Entry No.1, page 4);

4.  Substitute Counsel Levingston provided him with ineffective assistance during the disciplinary proceedings by stating that plaintiff was not assaulted by any member on the committee on June 22, 2009.  (Docket Entry No.11, page 9); and,

5.  Captain Jenkins failed to thoroughly investigate the incident before finding plaintiff guilty of the disciplinary offense.  (Id.).

Plaintiff requests the Court to place criminal charges against defendants Turner and Bickham; he also seeks compensatory damages and an order to drop his disciplinary cases.  (Id., page 12).

Defendants Turner, Bickham, and Ward move for summary judgment on the following grounds:

1.  Plaintiff cannot overcome defendants' entitlement to Eleventh Amendment immunity;

2.  Plaintiff has failed to state a cognizable claim against defendant Ward;

3.  Plaintiff cannot establish a claim of excessive use of force against defendants Turner and Bickham; and

4.  Plaintiff cannot overcome defendants' defense of qualified immunity.

(Docket Entry No.22).

## II. DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56c. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. U.S. v. Houston Pipeline Co., 37 F.3d 224, 227 (5th Cir. 1994).

As to those defendants who were not served with process, the Court reviews plaintiff's pleadings pursuant to 28 U.S.C. § 1915A(a), which requires that the Court to identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b). A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S.

4

319, 325 (1989). "A complaint lacks an arguable basis in law if it
is based on an indisputably meritless legal theory, such as if the
complaint alleges violation of a legal interest which clearly does
not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).
A court must not dismiss a complaint for failure to state a claim
unless the plaintiff has failed to plead "enough facts to state a
claim to relief that is plausible on its face." Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 547 (2007).

### A. Criminal Prosecution

Plaintiff's request that this Court initiate criminal
proceedings against[2] defendants is DENIED.  This Court lacks the
authority to subject a person to criminal prosecution. See U.S. v.
Jones, 287 F.3d 325, 334 (5th Cir. 2002) (observing that the
authority to determine whether a person is subject to prosecution
for a criminal offense lies solely with state or federal
prosecutors).

### B. Compensatory Damages

Plaintiff's claims for monetary damages from all defendants in
their official capacities as employees of state agencies are barred
by the Eleventh Amendment. See Oliver v. Scott, 276 F.3d 736, 742
(5th Cir. 2002).

Plaintiff, however, may seek compensatory damages under § 1983
from a defendant in his or her individual capacity for the pain and

---

2 The record does not reflect that any one defendant has been charged with a
criminal offense for his or her conduct with respect to plaintiff's claims in
the present suit.

suffering he has endured, but he must show that he has suffered a physical injury directly attributable to the defendant's acts or omissions.   42 U.S.C. § 1997e(e); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005).   The well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering, i.e., the injury must be more than de minimis, but need not be significant.   See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days was de minimis).

### 1. Defendants Ward, Levingston, and Jenkins

Plaintiff does not allege that he suffered a physical injury attributable to defendants Ward, Levingston, and Jenkins, that would entitle him to compensatory damages.   Nor does he state a cognizable claim against these defendants.

Plaintiff alleges that defendant Mary Ward failed to report criminal activity to ranking officials and later addressed him with sarcasm and processed false documentation.   (Docket Entry No.11, pages 8-9).   TDCJ-CID has an established practice of documenting any incident where force is used against a prisoner.   See, e.g., Gomez v. Chandler, 163 F.3d 921, 922 (5th Cir. 1999).   Regulations primarily designed to guide correctional officials in the administration of a prison are not designed to confer rights on inmates.   Sandin v. Conner, 515 U.S. 472, 481-82 (1995).   The mere failure of prison officials to follow prison rules and regulations

does not, without more, give rise to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Plaintiff alleges that defendant Levingston provided him with ineffective assistance of counsel during disciplinary proceedings by disagreeing with plaintiff that he was assaulted even though plaintiff argued that his face looked like he had been punched. (Docket Entry No.11, page 9).  Plaintiff alleges that she refused "to give further investigation" and refused to process his report to the Office of Inspector General for investigation.  (Id.).

An inmate does not have a right to either retained or appointed counsel in a disciplinary hearing.  Baxter v. Palmigiano, 425 U.S. 308, 315 (1976).  Because plaintiff has no constitutional right to the assistance of counsel substitute, he fails to state a cognizable claim regarding the performance of Counsel-Substitute Levingston.  See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (no right to counsel, no deprivation of ineffective assistance).

Plaintiff complains that Captain Jenkins, the disciplinary hearing officer, failed to "go threw [sic] the whole incident with the assault" although he allowed plaintiff to make a statement on the record before finding him guilty of a disciplinary offense related to the alleged assault incident. (Docket Entry No.11, page 9).

Due process requires that hearings be conducted by a neutral and detached hearing officer. See Wolff v. McDonnell, 418 U.S. 539 (1974).  Due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or

prosecution of the particular case, or has had any other form of personal involvement in the case.  Id. at 592 (Marshall, J., concurring).  Plaintiff does not allege that Jenkins was involved in the initial investigation or the prosecution of the case or that Jenkins violated any TDCJ rules or acted impartially; therefore, he fails to state a cognizable claim against Jenkins.

Accordingly, defendants are entitled to summary judgment on plaintiff's claims against defendant Mary Ward.  Plaintiff's claims against defendants Levingston and Jenkins are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. Defendants Turner and Bickham

Plaintiff claims that defendant Turner threatened him and verbally abused him with profane words; he does not allege that Turner assaulted him. (Docket Entry No.11).  Threats, harassment and verbal abuse are not actionable under § 1983.  Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.); United States v. Bigham, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries, angry words or passing thumps do not rise to the level of constitutional abuses).

In his original complaint, plaintiff claims he suffered an injury to his face when a male committee member, who he identified as wearing free-world clothing, punched him on his face.  (Docket Entry No.1).  In his more definite statement, plaintiff identified his assailant as defendant Warden Philip Bickham.  (Docket Entry

No.11).  Defendants' summary judgment evidence, however, does not

show that Warden Bickham was present at the hearing or that he was

the officer who used force against plaintiff.   (Docket Entry

No.21).  The Use of Force Report shows that defendant Turner used

force to maintain control over plaintiff as follows:

> On 6/22/09 at 1030AM Major Brewer, Mr. Turner, and Ms.
> Ward were conducting Unit Classification Committee
> Hearings.   At approximately 1015 hours, Offender
> Gutierrez Jonathan #1524428 was denied his request for a
> unit transfer.  The hearings were being conducted in the
> interview room.  Mr. Turner stood up and opened the door
> to the interview room to allow offender Gutierrez to
> exit.  At this time offender Gutierrez attempted to kick
> Mr. Turner.  Mr. Turner reacted by using an open hand to
> offender's right jaw area and placing the left jaw area
> against the wall.   Offender continued to resist.   Mr.
> Turner then applied downward force to the offender's
> upper body, placing offender on the floor.  Once on the
> floor, Mr. Turner maintained control of the offender's
> upper body and Major Wayne Brewer took control of the
> offender's lower body.

(Docket Entry No.21, page 9).

Plaintiff did not file a response to the motion for summary

judgment and did not seek to amend his complaint.

To prevail on an excessive force claim, the inmate must "prove

not only that the assault actually occurred but also that it was

carried out 'maliciously and sadistically' rather than as part of

'a good-faith effort to maintain or restore discipline.'"  Wilkins

v. Gaddy, 130 S.Ct. 1175, 1180 (2010) (quoting Hudson v. McMillian,

503 U.S. 1, 9 (1992)).  In this case, plaintiff fails to controvert

summary judgment evidence that shows that Warden Philip Bickham did

not use force against plaintiff on March 22, 2009.

Defendants, alternatively, argue that they are entitled to

qualified immunity on plaintiff's excessive force claim and that defendant Turner did not use excessive force against plaintiff. "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 199-200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. McClendon v. City of Columbia, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry. Id. at 323.

"To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818 (2009).

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Hudson, 503 U.S. at 5. The central question that must be resolved on Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. An excessive force claim requires a prisoner to establish that the defendant acted maliciously and sadistically. Porter v. Nussle, 534 U.S. 516, 528 (2002). In determining whether an Eighth Amendment excessive force claim has been established, courts are to consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered. Hudson, 503 U.S. at 7. In applying the Hudson factors, courts must remember "that prison officials 'may have had to act quickly and decisively.'" Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998) (citation omitted). Moreover, "[t]he amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." Id. (citation omitted).

The Fifth Circuit noted that, in Hudson, the Supreme Court "placed primary emphasis on the degree of force employed in relation to the apparent need for it, as distinguished from the extent of the injury suffered." Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999) (citing Hudson, 503 U.S. at 7). The Supreme

Court has noted that "'the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.'" Wilkins, 130 S.Ct. at 1176, quoting Hudson, 503 U.S. at 4.   The Court recognized that when prison officials maliciously and sadistically use force to cause harm, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9.

The absence of serious injury, however, is not irrelevant to Eighth Amendment analysis.   Id. at 7.   "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation."   Id. quoting Whitley v. Albers, 475 U.S. 312, 321 (1986).   The extent of injury may also provide some indication of the amount of force applied.   Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.   "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

In this case, the Hudson factors weigh against plaintiff.  The uncontroverted summary judgment evidence shows that plaintiff suffered an injury to his jaw and to his face from force expended by defendant Turner to protect himself as plaintiff attempted to kick him.  (Docket Entry No.21).  Turner struck plaintiff with an

open hand to the face, placed him against the wall and to the floor while plaintiff continued to struggle. (Id.). Plaintiff's attack was unexpected and Turner's reaction was spontaneous; therefore, Turner had little time to temper his response. (Id.). Plaintiff received a disciplinary conviction in connection with this event. (Id.). Accordingly, defendants are entitled to summary judgment on this claim.

Plaintiff also claims that defendant Turner falsely charged him with the disciplinary violation in connection with this event. (Docket Entry No.11, pages 1-2). Such claim does not implicate plaintiff's constitutional rights because the claim is "indistinguishable from a malicious prosecution claim." *See* Ordaz v. Martin, 5 F.3d 529, 1993 WL 373830 at *6 (5th Cir. 1993) (unpublished). Malicious prosecution no longer provides an independent basis for a § 1983 claim in this Circuit. Castellano v. Fragо, 352 F.3d 939, 945 (5th Cir. 2003). Therefore, plaintiff's claim that disciplinary proceedings were wrongly initiated against him fails to state a claim upon which relief my be granted. *See* Figgs v. Vrazel, 106 Fed. App'x 260, 261 (5th Cir. 2004).

To the extent that plaintiff seeks to challenge his disciplinary conviction, he does not allege that he was deprived of any due process right during disciplinary proceedings that would entitle him to restoration of good-time credit or reversal of the disciplinary decision. *See* Wolff v. McDonnell, 418 U.S. 539 (1974) (discussing due process rights). Accordingly, plaintiff's claims

against Turner and his request for modification of his disciplinary record are without merit and subject to dismissal.

<u>III. CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1.  Defendants' motion to seal Exhibit A (Docket Entry No.20) is GRANTED.

2.  Defendants' motion for summary judgment (Docket Entry No.22) is GRANTED.   All claims against defendants Cleveland Turner, Philip Bickham, and Mary Ward are DISMISSED.

3.  All claims against defendants Levingston and Jenkins are DISMISSED pursuant to 28 U.S.C. § 1983.

4.  This civil rights action is DISMISSED WITH PREJUDICE.

5.  All other pending motions, if any, are DENIED.

It is so ORDERED.

Signed at Houston, Texas, on _____, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE